United States District Court
Southern District of Texas
**ENTERED**
April 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALI ALMOUDHEJI,** *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | **CIVIL ACTION NO. 4:19-CV-01425** |
| | § | |
| **AUTOMOBILES OF SOUTHWEST HOUSTON, LP,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

In this putative collective action Plaintiffs seek to recover back pay, unpaid overtime wages, and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"). Before the Court is Defendant's Motion to Stay Proceedings and Compel Arbitration. (Doc. No. 19).

**I.      Background**

Defendant Automobiles of Southwest Houston, LP ("Defendant") is a company engaged in automobile sales and repair, maintenance, and detailing services in Houston, Texas. (Doc. No. 13, ¶ 9). Plaintiffs Ali Almoudheji, Oscar Pineda, Nigel Magana, and Carlos Jimenez ("Plaintiffs") are technicians who worked for Defendant providing services such as oil changes, rotating tires, valet, vehicle deliveries, customer pick-ups, assisting with customer complaints and issues, and installing vehicle accessories. (Doc. No. 14, ¶¶ 14–19).

The complaint alleges that Plaintiffs "routinely worked in excess of fifty (50) hours per workweek on Defendant's behalf," that Defendant "paid Plaintiffs only a percentage of their total hours worked at a flat hourly rate with no one-and-a-half time pay for hours worked in excess of forty (40) in a workweek," and that "Defendant failed to keep accurate time records as required by the FLSA by routinely misreporting Plaintiffs' actual hours worked." (Doc. No. 14, ¶¶ 19–25).

Plaintiffs "seek[] to recover back pay, unpaid overtime wages, lost wages, liquidated damages, and other damages owed by Defendant to its current and former employees." (Doc. No. 14, ¶ 1).

In the course of answering Plaintiffs' written discovery, Defendant located arbitration agreements signed by Plaintiffs. (Doc. No. 20, at 1). Defendant then filed its Motion to Compel Arbitration (Doc. No. 19), attaching Plaintiffs' signed arbitration agreements, all of which are identical, as exhibits to the Motion. As relevant here, the agreements provide:

> ¶ 2 [Defendant] and Employee mutually agree to the resolution by arbitration of all Claims [for wages or other compensation due], whether or not arising out of Employee's employment (or its termination) with [Defendant], that [Defendant] may have against Employee or that Employee may have against [Defendant] or [Defendant's] officers, directors, employees, or agents.
>
> . . .
>
> ¶ 7 The parties mutually agree that, except as may otherwise be required by law or statute, each party to any arbitration shall bear the cost of its own attorneys and witnesses, waiving their respective rights to recover attorney fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.* or other applicable law, and each shall jointly and equally bear the expense of the arbitrator; provided, however, that if a motion to compel arbitration is filed to enforce this Agreement, the prevailing party shall recover reasonable costs, attorney fees and expenses, including appellate fees and expenses, incurred in enforcing this agreement to arbitrate. The remaining costs of the arbitration proceeding shall be allocated by the decision of the arbitrator.
>
> . . .
>
> ¶ 12 In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

(Doc. 19-1, ¶¶ 2, 7, 12).

Plaintiffs argued in response that the arbitration agreements are unconscionable because the seventh paragraph of the agreements "prohibits the arbitrator from awarding Attorney's fees in direct contravention of the FLSA" and because potential arbitration costs will deter them from

vindicating their rights via arbitration. (Doc. No. 24, at 4). In the alternative, Plaintiffs argued that the Court should "remove the requirements that Plaintiffs bear their own attorney fees or any predefined portion of the costs equally half or more of the overall costs before compelling arbitration." *Id.* at 6.

The Court held a hearing on Defendant's Motion to Compel Arbitration on March 27, 2020. At the hearing, Defendant agreed not to enforce against Plaintiffs the agreements' proscription on recovering attorney's fees and costs. In fact, Defendant conceded that such a proscription contravenes Plaintiffs' substantive right under the FLSA to recover reasonable fees and costs if they prevail. Defendant further stated that, if the Court were to strike the seventh paragraph from the agreement, it would not oppose. Finally, Defendant agreed to cover its own attorney's fees and to pay all up front arbitration costs. Plaintiffs remained concerned, however, about having to pay for high arbitration costs in the future, in the event they do not prevail. Plaintiffs argued that the risk of having to pay such costs would deter them from seeking to vindicate their rights in the arbitral forum, rendering the arbitration agreements unconscionable.

The Court requested supplemental briefing and affidavits on the financial hardship that having to pay arbitration costs would impose on Plaintiffs. (Doc. No. 27). After Plaintiffs submitted affidavits attesting to their financial circumstances and the hardships that anticipated arbitration costs would impose (Doc. No. 29), Defendant responded by agreeing to "pay all arbitration costs," regardless of which party ultimately prevails at arbitration. (Doc. No. 30, at 4).

**II.     Legal Standard**

Defendant's Motion to Compel implicates the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Section 4 of the FAA provides: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an

order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Before a court may grant a Motion to Compel, the court must find that: (1) applying Texas rules of contract interpretation, the parties agreed to arbitrate the dispute in question; and (2) no legal constraints external to the arbitration agreement exist that foreclose the possibility of arbitration. *See Tittle v. Enron Corp.,* 463 F.3d 410, 418 (5th Cir. 2006). State law contract defenses, such as unconscionability, may invalidate an arbitration agreement. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The party challenging an arbitration provision as unconscionable bears the burden. *See In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002).

The parties agree that the arbitration agreements at issue cover Plaintiffs' FLSA suit. The only issue before the Court is whether the agreements are unenforceable because unconscionable.

**III.    Analysis**

"An arbitration agreement covering statutory claims is valid so long as the arbitration agreement does not waive the substantive rights and remedies the statute affords and the arbitration procedures are fair, such that the employee may 'effectively vindicate his statutory rights.'" *In re Poly–Am, L.P.,* 262 S.W.3d 337, 349 (Tex. 2008). Plaintiffs argue that the arbitration agreements are unenforceable because they waive certain substantive rights under the FLSA and because the potential arbitration costs they face under the agreements unconscionably deter them from seeking to vindicate their FLSA claims through arbitration.

For the following reasons, the Court concludes that (1) paragraph seven of the arbitration agreements is unenforceable, but may be stricken, leaving the remainder of the agreements intact, and (2) Defendant's commitment to paying all arbitration costs, no matter the outcome, moots Plaintiffs' argument that such costs deter them from vindicating their rights in arbitration.

i.  **Substantive Rights Guaranteed by the FLSA**

"The waiver of statutory rights is a matter of substantive unconscionability." *Andrio v. Kennedy Rig Servs., LLC*, No. 4:17-cv-1194, 2017 WL 6034125, at *5 (S.D. Tex. Dec. 6, 2017). The FLSA provides that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The FLSA also provides a right to liquidated damages. *Id.* A prevailing plaintiff's statutory rights to liquidated damages, attorney's fees, and costs are substantive rights provided by the FLSA that cannot be waived by agreement. *See Alvarez v. Gryphon Holdco, LLC*, No. 18-cv-1298, 2019 WL 4478889, at *6 (W.D. Tex. Sept. 18, 2019); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

The Court finds that the seventh paragraph of the arbitration agreements amounts to a waiver of Plaintiffs' substantive rights under the FLSA. The paragraph provides:

> ¶ 7 The parties mutually agree that, except as may otherwise be required by law or statute, each party to any arbitration shall bear the cost of its own attorneys and witnesses, waiving their respective rights to recover attorney fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.* or other applicable law, and each shall jointly and equally bear the expense of the arbitrator; provided, however, that if a motion to compel arbitration is filed to enforce this Agreement, the prevailing party shall recover reasonable costs, attorney fees and expenses, including appellate fees and expenses, incurred in enforcing this agreement to arbitrate. The remaining costs of the arbitration proceeding shall be allocated by the decision of the arbitrator.

(Doc. No. 19-1, ¶ 7). The paragraph containing the attorney's fees waiver and cost allocation provisions directly contravene Plaintiffs' rights under the FLSA to seek reasonable attorney's fees and costs if they prevail. Those provisions are therefore unenforceable. Moreover, because Plaintiffs have had to challenge those cost allocation and fee waiver provisions in Court to protect their substantive FLSA rights, the Court further finds that it would be unconscionable for

5

Defendant to invoke paragraph seven to seek fees related to the instant Motion to Compel. Accordingly, the Court determines that all of paragraph seven is unconscionable, and therefore unenforceable. The next issue before the court is whether the unconscionability of paragraph seven renders the arbitration agreements unenforceable in their entirety, or whether that paragraph may be stricken and the remainder of the agreements enforced.

The Texas Supreme Court has held that "[a]n illegal or unconscionable provision of a contract may generally be severed so long as it does not constitute the essential purpose of the agreement." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 360 (Tex. 2008); *see also Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 (5th Cir. 2003) (compelling arbitration but severing the punitive damages prohibition contained in the agreement as incompatible with the damages guaranteed by Title VII). "In determining an agreement's essential purpose, the issue is 'whether or not parties would have entered into the agreement absent the unenforceable provisions.'" *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 230 (Tex. 2014) (quoting *In re Poly-Am.*, 262 S.W.3d at 360).

The presence of a severability clause sheds light on the agreement's "essential purpose." *See John R. Ray & Sons, Inc. v. Stroman*, 923 S.W.2d 80, 87 (Tex.App.-Houston [14th Dist] 1996, writ denied). Here, the arbitration agreement contains a severance clause:

> ¶ 12 In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

(Doc. No. 19-1, ¶ 12). Moreover, paragraph seven itself begins: "The parties mutually agree that, *except as may otherwise be required by law or statute*, each party to any arbitration shall bear the cost of its own attorneys and witnesses . . ." (Doc. No. 19-1, ¶ 7) (emphasis added). These clauses reveal that paragraph seven does not constitute an "essential purpose" of the arbitration agreement.

6

Accordingly, the Court severs paragraph seven in its entirety from the agreement.

### ii. Unconscionably High Costs

As the Supreme Court has recognized, "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). "[F]ee-splitting provisions that operate to prohibit an employee from fully and effectively vindicating statutory rights are not enforceable." *In re Poly-Am.*, 262 S.W.3d at 356.

At the hearing on the Motion to Compel, Plaintiffs argued that, even if the seventh paragraph is stricken, the arbitration agreements remain unconscionable because the arbitration costs that Plaintiffs will face if they do not prevail will deter them from seeking to vindicate their rights in the arbitral forum. In support of their argument, each Plaintiff submitted an affidavit explaining the financial hardship that having to pay arbitration costs would impose upon him.

After Plaintiffs filed their affidavits, Defendant filed a response, stating in part:

> To avoid any confusion related to the prospective costs of arbitration, Defendant confirms that it will pay all arbitration costs. *See Carter v. Countrywide Credit Services, Inc.*, 362 F.3d 294, 300 (5th Cir. 2004) (where litigant offered to pay all arbitration costs, such offer mooted the appellant's argument that it would be subject to excessive and prohibitive costs).

(Doc. No. 30, at 2). Previously, Defendant had agreed only to pay all arbitration costs up front, leaving open the possibility that Plaintiffs might eventually have to foot at least part of the bill in the event they do not prevail in arbitration. The Court understands from Defendant's response, however, that Defendant is now agreeing to pay all arbitration costs full stop, regardless of which party prevails. That was the agreement in *Carter*, and that is what the Court take the agreement to be here. With that agreement in place, Plaintiffs' argument that the arbitration agreements impose prohibitive costs upon them is mooted. *See Carter*, 362 F.3d at 300 ("Appellants' prohibitive costs

argument has been mooted by [Appellee's] representation to the district court that it would pay all arbitration costs").

## IV. Conclusion

With the seventh paragraph of the arbitration agreements stricken and with Defendant's promise in place to pay all arbitration costs regardless of outcome, the Court determines that Defendant's Motion to Stay Proceedings and Compel Arbitration (Doc. No. 19) should be **GRANTED**. The proceedings before this Court are **STAYED** pending arbitration. Defendant's Motion for Protective Order (Doc. No. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 24th day of April, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE